# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

WALTER E. PARK, III,
    Plaintiff,

vs

DONALD MORGAN,
et al.,
    Defendants.

Case No. 1:15-cv-182

Barrett, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF) in Lucasville,

Ohio, brings this civil rights action under 42 U.S.C. § 1983 against two SOCF officials. (*See*

Doc. 1, Complaint).[1] By separate Order, plaintiff has been granted leave to proceed *in forma*

*pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review

of the complaint to determine whether the complaint, or any portion of it, should be dismissed

because it is frivolous, malicious, fails to state a claim upon which relief may be granted or

seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation

Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant

whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an

economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton*

*v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).

To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in*

*forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see*

*also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as

---

[1] When he initiated the action in March 2015, plaintiff submitted an unsigned complaint. However, plaintiff has complied with a Deficiency Order filed March 23, 2015, by signing and returning the complaint to the Court.

frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-

2

pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff, who is proceeding *pro se*, brings this action SOCF's Warden, Donald Morgan, and Larry Greene, another SOCF official. (Doc. 1, Complaint, p. 4, at PAGEID#: 25). In the complaint, plaintiff complains about a "60 day recreation restriction" that was imposed "without [his] being allowed to exercise his 'Due Process Rights.'" (*See id.*, p. 5, at PAGEID#: 26). Plaintiff states that he "attempted to grieve both 'violation of Due Process' and policy/practice of giving inmates recreation restriction" on the following grounds: (1) "[r]estriction causes inmates to be confined to a cell for duration of restriction resulting in 'solitary confinement'"; (2) "[n]ot able to exercise, rec[ei]ve fresh air or sunlight," which is 'cruel and unusual punishment'"; and (3) "solitary confinement creates a risk for increased mental deteri[or]ation." (*Id.*). As relief, plaintiff requests declaratory relief and injunctive relief in the form of an order requiring SOCF's Warden "to lift all inmate[] recreation restrictions and change SOCF practices and policies of recreation restrictions." (*Id.*, p. 6, at PAGEID#: 27).

Plaintiff's complaint is subject to dismissal at the screening stage for failure to state a

claim upon which relief may be granted by this Court.  In order to state a viable § 1983 claim, plaintiff must allege facts showing that he was deprived of "a right secured by the United States Constitution or a federal statute by a person who was acting under color of state law." *Spadafore v. Gardner*, 330 F.3d 849, 852 (6th Cir. 2003).  Here, although plaintiff generally claims that his rights under the Eighth and Fourteenth Amendments were violated, his factual allegations do not give rise to a viable claim of federal constitutional dimension.

First, plaintiff's allegations are insufficient to trigger concerns of a violation of his Eighth Amendment right to be free from cruel and unusual punishment.  The Eighth Amendment prohibits prison conditions that deprive inmates of "the minimal civilized measure of life's necessities," *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981), but "does not bar every unpleasant experience a prisoner might endure while incarcerated." *Brown v. Kelly*, No. 4:12cv1356, 2012 WL 5877424, at *2 (N.D. Ohio Nov. 20, 2012) (citing *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987)).  Although a "total or near-total deprivation of exercise or recreational opportunity, *without penological justification*, violates Eighth Amendment guarantees," *Patterson v. Mintzes*, 717 F.2d 284, 289 (6th Cir. 1983) (emphasis added), the "[o]ccasional deprivation of recreation for a limited time is insufficient to suggest the type of extreme deprivations necessary for an Eighth Amendment conditions of confinement claim." *Brown, supra,* 2012 WL 5877424, at *3 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  The Sixth Circuit has "never set a minimum amount of time a prisoner must have access to outdoor recreation." *See Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) (citing *Rodgers v. Jabe*, 43 F.3d 1082, 1086-87 (6th Cir. 1995)).  Moreover, numerous courts, including this Court, have held in analogous cases that recreation restrictions imposed for a limited time as part of a disciplinary sanction do not violate

4

the Eighth Amendment.  *See, e.g., Cammon v. Bell*, No. 1:08cv479, 2008 WL 3980469, at *1-2

(S.D. Ohio Aug. 21, 2008) (Dlott, J.) (and cases cited therein) (dismissing at screening stage the

SOCF inmate's complaint challenging an 84-day recreation restriction, wherein the inmate

allegedly "was in segregation during the entire period of his recreation restriction and on 'lock

down nearly 24 hours per day'"); *see also Govereh v. Pugh*, No. 4:12cv697, 2012 WL 3683541,

at *4 (N.D. Ohio Aug. 22, 2012) (dismissing Eighth Amendment claim stemming from the

denial of, among other things, recreational privileges while the plaintiff was held in his cell under

conditions similar to those in segregation unit).  Finally, although plaintiff generally contends

that solitary confinement creates a "risk" of psychological damage for inmates and that he was

deprived of "sunlight" and "fresh air" during the 60 days of his solitary confinement with

recreation restrictions, he has not alleged any facts to suggest that he suffered any physical or

psychological injuries as a result of that 60-day period of restricted confinement.  *Cf. Cammon,*

*supra*, 2008 WL 3980469, at *2; *see also Clayton v. Lancia*, No. 3:09CV-P294-H, 2009 WL

4928033, at *2 (W.D. Ky. Dec. 14, 2009) (and cases cited therein) (affirming screening dismissal

of the prisoner's Eighth Amendment claim alleging that the deprivation of "sunlight and fresh

air" during period of 4-month recreational restriction prohibiting outdoor exercise).  Therefore,

plaintiff's complaint fails to state a claim under the Eighth Amendment.

Second, to the extent that plaintiff challenges the imposition of the 60-day recreational

restriction on due process grounds, he fails to state a claim for relief under the Fourteenth

Amendment because the challenged disciplinary action did not amount to a deprivation of a

constitutionally protected liberty interest.  In *Sandin v. Conner*, 515 U.S. 472 (1995), the

Supreme Court held that the Fourteenth Amendment confers on prisoners only a "limited" liberty

5

interest "to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," or which "will inevitably affect the duration of his sentence." *Sandin*, 515 U.S. at 484, 487; *see also Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998); *Williams v. Wilkinson,* 51 F. App'x 553, 556 (6th Cir. 2002). The Sixth Circuit has held that confinement in segregation generally does not rise to the level of an "atypical and significant" hardship implicating a liberty interest except in "extreme circumstances, such as when the prisoner's complaint alleged that he is subject to an *indefinite* administrative segregation" or that such confinement was excessively long in duration. *Joseph v. Curtin*, 410 F. App'x 865, 868 (6th Cir. 2010) (citing *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008)) (emphasis in original); *see also Harris v. Caruso,* 465 F. App'x 481, 484 (6th Cir. 2012) (holding that the prisoner's 8-year confinement in segregation was of "atypical duration" and thus "created a liberty interest that triggered his right to due process"). *Cf. Wilkinson v. Austin*, 545 U.S. 209, 223-24 (2005) (ruling that an inmate's transfer to Ohio's "supermax" prison "imposes an atypical and significant hardship" given the combination of extreme isolation of inmates, prohibition of almost all human contact, indefinite duration of assignment, and disqualification for parole consideration of otherwise eligible inmates).

Here, plaintiff has not alleged that the challenged disciplinary sanction resulted in the lengthening of his prison sentence, the withdrawal of good-time credits, or the deprivation of any necessities of life. Plaintiff's 60-day confinement under conditions allegedly amounting to "solitary confinement" was not so lengthy in duration as to rise to the level of an atypical and significant hardship. *Cf. Jones*, 155 F.3d at 812 (holding that an inmate's administrative segregation for two and a half years while his participation in a prison riot was being investigated

did not amount to an atypical and significant hardship); *Mackey v. Dyke*, 111 F.3d 460, 461, 463 (6th Cir. 1997) (117-day delay in releasing the plaintiff from administrative segregation to the general prison population did not impose an atypical or significant hardship on the plaintiff and thus did not trigger due process concerns); *Bradley v. Evans*, No. 98-5861, 2000 WL 1277229, at *7 (6th Cir. Aug. 23, 2000) (and numerous cases cited therein in support of holding that placement for 14 months in administrative segregation did not impose an atypical or significant hardship on the prisoner); *Collmar v. Wilkinson*, No. 97-4374, 1999 WL 623708, at *3 (6th Cir. Aug. 11, 1999) (30 days in Security Control, 14 days in Disciplinary Control and six to eight months in Administrative Control did not constitute an "atypical hardship" under *Sandin*). Furthermore, the additional loss of recreational privileges during that 60-day period was neither atypical nor significant enough to implicate due process concerns under *Sandin*. *See, e.g., Durham v. Jeffreys,* No. 1:13cv226, 2013 WL 6147921, at *4 (S.D. Ohio Nov. 22, 2013) (Litkovitz, M.J.) (Report & Recommendation) (and numerous cases cited therein) (in holding that the prisoner's due process claim challenging his 100-day confinement in segregation was subject to dismissal at screening stage, the undersigned pointed out that "[a]lthough plaintiff has also alleged that he was only permitted one hour out of his cell for recreation during that 100-day period, the loss of recreational privileges does not amount to an 'atypical and significant hardship' under *Sandin*"), *adopted*, 2014 WL 63936 (S.D. Ohio Jan. 8, 2014) (Weber, J.); *see also Parks v. Anderson*, Civ. Act. No. 6:10-355-GFVT, 2014 WL 4854570, at *34 (E.D. Ky. Sept. 29, 2014) (citing *Principio v. McGinnis*, No. 05-CV-0856A(F), 2007 WL 2344872, at *2 (W.D. N.Y. Aug. 15, 2007), wherein the prisoner's due process claim challenging his 60-day placement in "keeplock with loss of telephone, packages, recreation, and conjugal visits" was

7

dismissed at screening stage, and *Richardson v. Johnson*, No. 3:01-CV-545-D, 2001 WL
360843, at *1 n.1(S.D. Tex. Apr. 5, 2001), wherein the court noted that "it is now well
established that commissary and recreation restrictions do not implicate a protected liberty
interest" in light of a Fifth Circuit decision holding that such restrictions "do not impose a
significant or atypical hardship on the inmate in relation to the ordinary incidents of prison life").
Accordingly, because plaintiff does not have a protected liberty interest under the circumstances
alleged herein, his complaint does not state a claim under the Fourteenth Amendment's Due
Process Clause.

Accordingly, in sum, the complaint should be dismissed pursuant to 28 U.S.C. §§
1915(e)(2)(B) and 1915A(b)(1) because plaintiff has failed to state a claim upon which relief
may be granted.

**IT IS THEREFORE RECOMMENDED THAT:**

1.  The plaintiff's complaint (Doc. 1) be **DISMISSED** with prejudice pursuant to 28
U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

2.  The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an
appeal of any Order adopting this Report and Recommendation would not be taken in good faith
and therefore deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*,
114 F.3d 601 (6th Cir. 1997).

Date:  4/10/15

Karen L. Litkovitz
United States Magistrate Judge

8

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

WALTER E. PARK, III,
    Plaintiff,

  vs

DONALD MORGAN, et al.,
    Defendants.

Case No. 1:15-cv-182

Barrett, J.
Litkovitz, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc